IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUAD INT'L., INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE, )<br>)<br>Defendant. )<br>)<br>) | Case No. 3:12-cv-1115-MJR-DGW |

### ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference filed by Plaintiff Quad Int'l., Inc. on October 25, 2012 (Doc. 5). As set forth below, the motion is **GRANTED**.

#### BACKGROUND

Plaintiff alleges that Defendant John Doe used an online peer-to-peer media distribution system to unlawfully download and distribute Plaintiff's copyrighted work. Plaintiff has identified an Internet Protocol (IP) address, located in Illinois, which corresponds to Defendant John Doe as the source of the copyright infringement. However, Plaintiff does not know the identity of John Doe. Thus, Plaintiff seeks information from a third-party, Charter Communications, the Internet Service Provider (ISP) associated with the IP address, about the identity of John Doe. Plaintiff argues that expedited discovery is necessary because the physical evidence of the infringement will be destroyed with the passage of time, and because the suit cannot proceed without further information about the defendant.

#### DISCUSSION

Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any

source before the parties have conferred as required by Rule 26(f)." A trial court, however, is vested with wide discretion to direct discovery. Fed. R. Civ. P. 26; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000).  A court's broad discretion may be exercised to allow discovery before the initial conference of the parties "to aid in the identification of unknown defendants." *See Lamar v. Hammel*, No. 08-cv-02-MJR-CJP, 2008 WL 370697 (S.D. Ill. Feb. 11, 2008).  In the Seventh Circuit, a party seeking early or expedited discovery must make a prima facie showing of need. *See Merrill Lynch*, 194 F.R.D. at 623.

Federal district courts have allowed early *ex parte* discovery in copyright infringement cases similar to this one, so long as jurisdictional requirements and the standards for permissive joinder of multiple defendants under Fed. R. Civ. P. 20 are met. *See e.g., Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161 (E.D. Mich. April 5, 2012); *808 Holdings, LLC v. Collective Sharing Hash [Number]*, No. 12cv00191 MMA (RBB), 2012 WL 1581987 (S.D. Cal. May 4, 2012).

Plaintiff in this case has alleged need for the early discovery—because evidence may be destroyed, and the case cannot proceed without the identity of the defendant.  Plaintiff has alleged the IP address originated in the Southern District of Illinois, and there is no issue with joinder as Plaintiff seeks information about only one defendant.  Accordingly, the Court, in its discretion, finds early discovery warranted in this action.  Plaintiff's motion is therefore **GRANTED**.  Plaintiff may serve discovery on a third party, Charter Communications, *for the limited purpose of seeking the identity of John Doe*.

**IT IS SO ORDERED.**

**DATED: November 8, 2012**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**